IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00962-BNB

ANTHONY R. FOGLE,
    Plaintiff,

v.

B. BONNER, Chief of Unit Management,
P. GERARDS-JORDAN, Intake Officer,
HERNANDEZ, Grievance Officer, and
C. ANDERSON, Staff Member,
    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 2 2009

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff Anthony R. Fogle is in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Fogle has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. He seeks damages as relief.

Mr. Fogle has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the complaint at any time if the claims asserted are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. See *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint in part as legally frivolous.

The Court must construe the complaint liberally because Mr. Fogle is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Fogle's claims in this action arise out of his placement in segregation. Mr. Fogle alleges that he unlawfully was placed in segregation, that he continuously complained about his placement, and that he attempted to file grievances regarding the allegedly unlawful placement. Mr. Fogle further alleges that, when he was released from segregation and returned to the general population, prison officials informed him that they would pay him back for his complaints. Mr. Fogle claims that Defendants P. Gerards-Jordan and C. Anderson later retaliated against him for his complaints about his allegedly unlawful placement in segregation by losing or destroying Mr. Fogle's irreplaceable pictures and legal paperwork. Mr. Fogle contends that Defendant B. Bonner participated in the retaliation by failing to assist Mr. Fogle in recovering his personal property. The fourth Defendant in this action is Grievance Officer Hernandez. Mr. Fogle does not claim that Defendant Hernandez participated in the alleged retaliation. Instead, Mr. Fogle claims Defendant Hernandez violated his constitutional right of access to the courts by refusing to return the grievances Mr. Fogle filed. Mr.

Fogle apparently requested the filed grievances from Defendant Hernandez in order to submit them to the Court with his complaint in this action.

Mr. Fogle's claim against Defendant Hernandez is legally frivolous. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the right of access to the courts extends only as far as protecting an inmate's ability to prepare an initial pleading in a civil rights action regarding his or her current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). Furthermore, a prisoner claiming a denial of access to the courts must allege some actual injury in his ability to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).

Mr. Fogle is not required to submit copies of his filed grievances to the Court with his complaint. Therefore, the fact that Defendant Hernandez refused to give Mr. Fogle copies of his filed grievances does not demonstrate a violation of his constitutional right of access to the courts. As a result, Mr. Fogle's access to the courts claim will be dismissed.

The Court will not address at this time the merits of Mr. Fogle's retaliation claim against Defendants Bonner, Gerards-Jordan, and Anderson. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the access to the courts claim asserted against Defendant Hernandez is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous. It is

FURTHER ORDERED that Defendant Hernandez is dismissed as a party to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 22 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00962-BNB

Anthony R. Fogle
Prisoner No. 136473
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/22/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk