IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00962-WYD-BNB

ANTHONY R. FOGLE,

Plaintiff,

v.

B. BONNER, Chief of Unit Management,
P. GERARDS-JORDAN, Intake Officer, and
C. ANDERSON, Staff Member,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter arises in connection with my Order to Show Cause dated February 5, 2010 [Doc. #36]. On November 20, 2009, I issued an order [Doc. #31] directing the plaintiff to respond to the defendants' motion for summary judgment [Doc. #29]. The order was mailed to the plaintiff at his address of record at the Crowley County Correctional Facility. The plaintiff did not respond to the summary judgment motion.

On January 16, 2010, I issued an order vacating the Pretrial Conference [Doc. #34]. This order was also mailed to the plaintiff at the Crowley County Correctional Facility. The envelope addressed to the plaintiff was returned as undeliverable because the plaintiff has been released on parole [Doc. #35].

As a result of these events, I ordered the plaintiff to shall show cause in writing and on or before February 22, 2010, why the Complaint should not be dismissed for failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 10.1M and for failure to

prosecute.  D.C.COLO.LCivR 41.1.  I warned the plaintiff that his failure to respond to the Order

to Show Cause on or before February 22, 2010, would result in my recommendation that the

Complaint be dismissed in its entirety.  The plaintiff did not respond to the Order to Show

Cause, and the envelope containing the Order to Show Cause was returned as undeliverable

[Doc. #37].

The plaintiff's last filing in this case--a filing fee payment--was on November 20, 2009.

The court has not received a notice of change of address from the plaintiff as required by

D.C.COLO.LCivR 10.1M, and has had no other contact with him since November 20, 2009.  It

appears that the plaintiff has lost contact with the court, lost interest in this case, or both.

Local rule of practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case
> should not be dismissed for lack of prosecution or for failure to
> comply with these rules, the Federal Rules of Civil Procedure, or
> any court order.  If good cause is not shown within the time set in
> the show cause order, a district judge or a magistrate judge
> exercising consent jurisdiction may enter an order of dismissal
> with or without prejudice.

I respectfully RECOMMEND that the Complaint and this action be DISMISSED due to

the plaintiff's failure to keep the Court informed of his current addresses in violation of

D.C.COLO.LCivR 10.1M and failure to prosecute in violation of D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and

Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and

file specific, written objections.  A party's failure to serve and file specific, written objections

waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas

v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A

party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  United States v. One Parcel of

Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

      Dated February 23, 2010.

                      BY THE COURT:

                       s/ Boyd N. Boland

                      United States Magistrate Judge